UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MONICA ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-101 |
| | § | |
| SINTON INDPENDENT SCHOOL | § | |
| DISTRICT, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Monica Roberts (Roberts) filed this lawsuit pursuant to 42 U.S.C. § 1983 against Sinton Independent School District (SISD), its Superintendent Pari Whitten in her official and individual capacities (Whitten), and Esteban Suarez in his individual capacity (Officer Suarez). The case arises from a dispute over the bullying of Roberts's oldest daughter, which led to Roberts being banned from SISD properties and prosecuted for trespassing while picking up her daughter from school. Roberts alleges that Defendants violated her constitutional rights related to free speech and parenting her children by issuing a Trespass and Harassment Warning (the "Warning") without due process. D.E. 1. Officer Suarez has moved for summary judgment on the claims asserted against him. D.E. 17. Roberts filed a response (D.E. 20) and Officer Suarez replied (D.E. 22). For reasons set forth, the Court GRANTS Officer Suarez's amended motion in part as to Roberts's arbitrary government action claim and DENIES Officer Suarez's amended motion in part as to the remaining claims.

**FACTS**

While receiving special education services at SISD's Smith Middle School, Roberts's oldest daughter was subjected to repeated, violent bullying by other students. Although Roberts made several complaints and met with school administrators, the school failed to keep her daughter safe. Requesting that SISD provide a safe environment for her daughter, Roberts submitted a grievance with SISD on April 12, 2016. The next day, Roberts also requested her daughter's educational records to support her grievance. Meanwhile, SISD administrators directed Officer Suarez to issue a criminal trespass warning to Roberts. Officer Suarez was given no reasons to support the warning.

The day after Roberts submitted her grievance, Office Suarez delivered the Warning to Roberts. Listing the address of Smith Middle School, the Warning stated:

> YOU ARE HEREBY WARNED AND PLACED ON
> NOTICE THAT YOU CANNOT ENTER UPON OR
> REMAIN ON THE ABOVE PROPERTY. YOU ARE ALSO
> WARNED THAT YOU MAY NOT HARASS ME IN ANY
> WAY, WHICH INCLUDES ANY FORM OF
> COMMUNICATION, EITHER VERBAL OR WRITTEN,
> OTHER THAN WRITTEN LEGAL NOTICE.

According to the Warning, if Roberts failed to abide, she could be arrested and charged with criminal trespass or harassment punishable by up to six (6) months in jail and a $2,000 fine. The Warning directed Roberts to obtain permission from SISD administrators before entering other campuses. It did not state the length of time the ban was in effect. Officer Suarez verbally told Roberts that she was not allowed to go on any

SISD properties without permission.  This was the last interaction that Officer Suarez had with Roberts.

Less than one month later, Roberts was arrested for violating the Warning and charged with criminal trespass.  She was later acquitted by a jury.  Not knowing how to comply with the Warning while also remaining active in her child's education, Roberts withdrew her daughter from SISD in May 2016.  However, Roberts later learned that the Warning was effective at all SISD schools, including those in which her other children were enrolled.  Eventually, Roberts removed all of her children from SISD and relocated her family to another school district.  Roberts then brought this action.  Claiming the defense of qualified immunity against all of Roberts's claims, Officer Suarez filed this amended motion for summary judgment.[1]

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The evidence must be viewed, and all justifiable inferences drawn, in favor of the person opposing the motion.  *Id*. at 255.  Ordinarily, a party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

---

[1] Defendants SISD and Whitten are not parties to this motion.  Roberts dismissed her claims against Whitten on July 10, 2018.

(1986). However, when the defendant invokes the qualified immunity defense the burden shifts to the plaintiff. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

To rebut a qualified immunity defense, the plaintiff must show that the official violated a statutory or constitutional right and that the right was clearly established at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The official is entitled to summary judgment if there is no genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. *Hanks v. Rogers,* 853 F.3d 738, 744 (5th Cir. 2017) (citing *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). "A right is clearly established only if its contours are sufficiently clear that 'a reasonable official would understand that what he is doing violates that right.'" *Carrol v. Carman*, 135 S. Ct. 348, 350 (2014) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Although a case *directly* on point is not necessary, there must be adequate authority at a sufficient level of specificity to put a reasonable official on notice that his conduct is definitively unlawful." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015). The plaintiff does not need to present "absolute proof" to overcome summary judgment but must offer more than "mere allegations." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir.1991)).

## ANALYSIS

The Due Process Clause prohibits the government from depriving an individual of certain fundamental rights and liberties regardless of the procedures provided unless the infringement is narrowly tailored to serve a compelling state interest. *Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (citing *Washington v. Glucksburg*, 521 U.S. 702, 721 (1997)). In a substantive due process claim that does not implicate a fundamental right, government action that is individualized to one plaintiff is reviewed under the "shocks the conscience" test. *See Reyes v. N. Texas Tollway Auth., (NTTA)*, 861 F.3d 558, 561-62 (5th Cir. 2017). Whereas the procedural component of due process "ensures that any government action surviving substantive due process scrutiny is 'implemented in a fair manner.'" *Hernandez v. United States*, 757 F.3d 249, 267 (5th Cir. 2014) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

Roberts has pled in her third cause of action that Officer Suarez's conduct in issuing, maintaining, and enforcing the Warning infringed on her substantive and procedural due process rights under the Fourteenth Amendment related to her liberty and property interests as a parent directing her daughter's education. D.E. 1, pp. 18-20. She alleges that Officer Suarez lacked a rational justification related to a legitimate government interest and acted arbitrarily in issuing the Warning. She further claims that the Warning failed to adequately advise, notify, or inform her of its requirements, and is therefore unconstitutionally vague in violation of due process. The Warning, according to Roberts, banned her from entering any SISD properties and from communicating with

SISD. Roberts concedes that she has no constitutional right to enter SISD property.[2]

Thus, Officer Suarez is immune from civil liability unless his alleged conduct—issuing the Warning banning Roberts from communicating with SISD—violated Roberts's clearly established constitutional or statutory rights of which he reasonably should have been aware.

## A. Right to Direct a Child's Upbringing and Education

To establish a violation of the Fourteenth Amendment's guarantee of substantive due process, a plaintiff must first prove that she was deprived of a life, liberty, or property interest in an arbitrary and capricious manner. *Saucedo-Falls v. Kunkle*, 299 Fed. App'x 315, 319 (5th Cir. 2008). The Supreme Court has held that parents have a right to direct and control their child's upbringing and education. *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (quoting *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925)). "This fundamental right, however, is not absolute, and states can subject it to reasonable regulation, particularly when the state's interest relates to the provision of public education." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 136 (5th Cir. 2009).

Encompassed within the right to direct a child's education is the ability to communicate with a child's teacher. *Meyer v. Nebraska*, 262 U.S. 390, 400 (1923). Case law has clearly established that schools can lawfully restrict parents' access to their

---

[2] Roberts suggests that Texas law at the time of the issuance of the Warning required a determination that she had no legitimate business at SISD properties before she was banned. *See* Tex. Educ. Code Ann. § 37.105 (1995) (amended 2017). However, the language of the statute stated that officials "may refuse to allow a person without legitimate business to enter on property..." *Id.* Roberts provides no other authority for her proposition. Thus, the Court focuses the analysis on the constitutionality of the communication ban within the Warning.

child's school as long as the parents retain an avenue to communicate with the school. *See Buckley v. Garland Indep. Sch. Dist*., No. Civ. A. 3:04-CV-1321-P, 2005 WL 2041964, at \*3 (N.D. Tex. Aug. 23, 2005) (holding that a parent's constitutional right was not violated when he was banned from school grounds but allowed to conduct official school business at the main office and set appointments with teachers); *see also Justice v. Farley*, No. 5:11-CV-99-BR, 2012 WL 83945, at \*4 (E.D.N.C. Jan. 11, 2012) (holding that an email ban with school staff did not violate parent's constitutional rights, because the parent could still set an appointment with the superintendent if he had any concerns about his son); *Grim v. Pennsbury Sch. Dist.,* No. CIV.A. 14-04217, 2015 WL 1312482, at \*16 (E.D. Pa. Mar. 24, 2015) ("[Parent] is still allowed to communicate with the school on a weekly basis to submit any legitimate questions he may have regarding his children's education."); *Abegg v. Adams/Arapahoe Sch. Dist. J8/Aurora Pub. Sch*., No. 12-CV-01084-REB-MJW, 2012 WL 7783087, at \*6 (D. Colo. Oct. 9, 2012), *adopted by* 2013 WL 1164473 (D. Colo. Mar. 21, 2013) (holding that a directive limiting a parent's access to the school, but containing no restrictions on telephone, mail, or electronic mail communications with the school, was constitutional).

Roberts argues that because the Warning prohibited any form of communication with SISD, Officer Suarez violated her fundamental right to direct her daughter's education.[3] The record shows that Roberts frequently communicated with SISD about

---

[3] Roberts cites to *Perry Education Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37 (1983) and *Texas State Teachers Ass'n v. Garland Independent School District*, 777 F.2d 1046 (5th Cir. 1985), for her proposition that even in the most limited, non-public forum, restriction of a parent's ability to communicate with a school district must be reasonable in light of the purposes served by that forum. However, these cases analyzed a school as a public forum

her daughter's education and safety before Officer Suarez issued the Warning. However, Roberts alleges that SISD inconsistently enforced the Warning frustrating her efforts to comply with the ban and remain active in her daughter's education. As a result, she was forced to withdraw her children from SISD schools.

But Roberts also alleges that she continued to communicate with SISD administrators to ask for permission to enter school grounds after receiving the Warning. There is a genuine dispute as to whether the restrictions the Warning imposed on Roberts banned any form of communication with SISD. Case law clearly established that parents must retain an avenue to communicate with their child's school. Thus, this fact issue is material to determining whether Officer Suarez waived qualified immunity by violating Roberts's right to direct her daughter's education. Thus, Officer Suarez's motion for summary judgment is DENIED in part.

## B. Right to be Free from Arbitrary Government Action

As a matter of Fourteenth Amendment substantive due process, a state government official may incur liability in two ways: (1) by violating fundamental constitutional rights; or (2) by committing abusive or oppressive government actions that, without implicating fundamental constitutional rights, "shock the conscience." *Quickie Chickie, Inc. v. Sexton*, 194 F. App'x 259, 261 (5th Cir. 2006); *Brennan v. Stewart*, 834 F.2d 1248, 1256 (5th Cir. 1988). The current substantive due process claim is of the second type. "While the core of substantive due process is protection from arbitrary government

---

for unions to communicate with teachers under the First Amendment. Roberts did not allege that Officer Suarez's issuance of the Warning violated her First Amendment right.

action, 'only the most egregious official conduct' is arbitrary in the constitutional sense."

*Coleman v. Dretke*, 395 F.3d 216, 224 (5th Cir. 2004) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

"[T]he threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. The standard is "extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 868 (5th Cir. 2012) (internal quotation marks and citation omitted). As such, "[m]any cases that have applied the standard have involved the use of extreme force by police officers or other state actors." *Id.* at 867–68.

Roberts argues that issuing the Warning against a parent without attempting, despite ample opportunity for deliberation, to become aware of any grounds that could possibly justify its issuance is a deliberate, indifferent action prohibited by the Fourteenth Amendment. In support of her claim, Roberts cites to *Kennedy v. City of Cincinnati*, 595 F.3d 327 (6th Cir. 2010), a case involving a police officer who banned a city pool member from all city recreational property without notice and a hearing. Because the plaintiff had a liberty interest in remaining in public places, the court held that the officer violated the plaintiff's procedural due process right. *Id.* at 338. The court did not review the officer's conduct for deliberate, indifferent government action. Roberts's reliance on

the *Kennedy* case conflates procedural and substantive due process claims and is thus misplaced.

Furthermore, Officer Suarez's failure to investigate, as arbitrary as it may seem, does not rise to the required level of deliberate indifference to Roberts's health and safety. *See Doe*, 675 F.3d at 868 (finding that an alleged deficient school policy that allowed a student to be removed from school and molested by a man did not on its own shock the conscience in comparison to excessive force cases). And the Fifth Circuit does not recognize a substantive due process cause of action for unreasonable investigation. *See Shields v. Twiss*, 389 F.3d 142, 150–51 (5th Cir. 2004). Furthermore, Roberts has not cited to any authority that suggests that the deprivation of an interest in communicating with her daughter's school is a stand-alone arbitrary government action claim not encompassed within her fundamental or procedural due process rights.[4] Thus, Roberts has not established that Officer Suarez's failure to investigate before issuing the Warning was arbitrary government action that shocks the conscience.[5]

Because Plaintiff has failed to show that Officer Suarez's actions violated her constitutional right to be free from stand-alone arbitrary government action, Officer

---

[4] An exhaustive search for case law in the Fifth Circuit found that a stand-alone arbitrary government action claim has applied to the deprivation of a property interest in public employment or land use or to the infringement of a liberty interest through extreme force by a state actor. *See Harrington v. Harris*, 118 F.3d 359 (5th Cir. 1997) (public employment property interest); *see also Simi Inv. Co. v. Harris Cnty., Tex.*, 236 F.3d 240 (5th Cir. 2000) (land use property interest); *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (shooting by city police department's confidential informant).

[5] Roberts claims that fact issues exist regarding whether SISD directed Officer Suarez to issue the communication prohibition. However, this is not a material fact to this claim. Regardless of whether Officer Suarez was told to issue a communication ban, his conduct does not "shock the conscience."

Suarez is entitled to qualified immunity on this claim. Thus, Officer Suarez's amended motion for summary judgment is GRANTED in part.

## C. Unconstitutional Vagueness

Next, Roberts alleges that Officer Suarez is not entitled to qualified immunity because the Warning is unconstitutionally vague and fails to adequately advise, notify, or inform her of its requirements in violation of the due process guarantee. A law must give notice of what conduct is prohibited so that a person may act accordingly. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). And a law is unconstitutionally vague when persons "of common intelligence must necessarily guess at its meaning." *United States v. Clark,* 582 F.3d 607, 613 (5th Cir. 2009) (internal quotation marks and citation omitted). Generally, laws that have the capacity to chill constitutionally protected conduct are void-for-vagueness. *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 546 (5th Cir. 2008) (citations omitted). If a protected right is not threatened, a law is unconstitutional if it is vague in all of its applications. *Id.* In undertaking the analysis, a court should first determine whether the law is vague as applied to the plaintiff's conduct. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497 (1982) (citations omitted).

The Warning states that Roberts "may not harass [SISD] in any way, which includes any form of communication, either verbal or written, other than written legal notice." Because it excludes the *mens rea* of harassment under Texas law, the Warning is unclear as to what "any form of communication" means. *See* Tex. Penal Code Ann. § 42.07 ("A person commits an offense [of Harassment] if, with intent to harass, annoy,

alarm, abuse, torment, or embarrass another…"); *see also United States v. Conlan,* 786

F.3d 380, 386 (5th Cir. 2015) (finding a statute's scienter requirement clarified any

vagueness because it narrowed its scope and mitigated arbitrary enforcement). Although,

"harass" is a readily understandable term, the Warning can be read to incorrectly define

harassment as any form of communication whatsoever with SISD. *See Conlan*, 786 F.3d

at 386. As such, the Warning is effectively a blanket ban on all communication to SISD,

potentially violating Roberts's constitutional right to direct her daughter's education.

In *Anthony v. State,* a city's unwritten policy delegated complete authority to

individual officers to ban individuals from a park through the issuance of criminal

trespass warnings. 209 S.W.3d 296, 301 (Tex. App.—Texarkana 2006, no pet.). The

decision to ban individuals was left to the complete discretion of each officer. *Id.* at 306.

The court held that the unwritten policy was unconstitutionally vague because it was not

premised on a violation of specific rules, delegated complete discretion to a police officer

to ban a person without providing guidelines for the exercise of that discretion, and

presented a "substantial risk of arbitrary and discriminatory enforcement." *Id.*

Here, along with the failure to include a *mens rea*, the Warning gives no standard

for police officers to enforce the Warning. According to Officer Suarez and the Warning,

Roberts can access other SISD campuses with permission, but the Warning fails to

specify how Roberts could obtain permission without violating the communication ban.

In fact, Roberts alleges that while Whitten stated that Roberts could obtain permission to

enter Smith Middle School grounds, a detective from the Sinton Police Department told

her otherwise. D.E. 1, p. 9-10. A reasonable officer would know that the Warning was

vague because of clearly established law on unconstitutional vagueness of state laws and policies.

As discussed previously, there is a factual dispute regarding whether Officer Suarez's issuance of the Warning violated Roberts's right to direct her daughter's education. As the Warning can implicate a constitutionally protected right, this genuine issue of material fact must be resolved before determining whether the Warning is unconstitutionally vague. Thus, Officer Suarez is not entitled to qualified immunity on Roberts's unconstitutional vagueness claim and his amended motion for summary judgment is DENIED in part.

**D. Procedural Due Process Right**

Finally, Roberts asserts that Officer Suarez violated her property interests related to directing her daughter's education when he issued the Warning without notice and a hearing. In order to prevail on this claim, Roberts must show that she has a recognized liberty or property interest under the Fourteenth Amendment that was intentionally or recklessly deprived from her. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005). A plaintiff must have a legitimate claim of entitlement to the property interest. *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972). "The hallmark of property is an individual entitlement grounded in state law, which cannot be removed without 'for cause.'" *Id.* (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)).

Roberts's right to make decisions concerning her daughter's education and her right to communicate with the school are not only part of her substantive due process rights, they are codified under Texas law. *See* Tex. Fam. Code Ann. § 151.001(a)(10)

(2007) ("the right to make decisions concerning the child's education"); *see also* Tex. Educ. Code Ann. § 26.003(a)(3) (1995) ("A parent is entitled . . . to reasonable access to the school principal, or to a designated administrator with the authority to reassign a student, to request a change in the class or teacher to which the parent's child has been assigned . . . ."). As a parent of children enrolled in SISD, Roberts had a legitimate entitlement to these state-created property interests. Thus, a reasonable officer, especially a school officer, would know that Roberts had recognized property interests in communicating with SISD.

Roberts asserts that *Anthony v. State*, 209 S.W.3d at 296 clearly established that an officer cannot deprive a person of such interests without notice and a hearing. As previously discussed, the city in *Anthony* had an unwritten policy of delegating authority to its police officers to ban persons from public parks at the officers' discretion. *Id*. at 301. The policy allowed officers to issue the ban without first presenting evidence of wrongdoing to the banned person. *Id*. at 307. And the policy contained no guidelines or procedures to appeal the ban. *Id.* Because the *Anthony* plaintiff had a liberty interest in access to a public park and the policy did not provide for notice and a hearing, the policy violated his procedural due process rights. *Id*. at 308.

Similarly, in *Kennedy v. City of Cincinnati*, 595 F.3d 327 (6th Cir. 2010), the court held that a person with a liberty interest in remaining in public places cannot be banned from city recreational property without notice and a hearing. The *Kennedy* officer attempted to argue that that he was immune from liability because he was simply following orders from an agent of the city pool to issue the ban. *Id*. at 337. The court

found his argument to be unavailing. *Id.* "Any competent government official, particularly a police officer, should have realized that he cannot deprive a person, who has not committed a crime or violated some regulation, nor was likely to do so, of access to public grounds without due process of law." *Id.* at 338. These cases clearly established that a person is entitled to a notice and hearing before a police officer issues a ban that infringes on a constitutionally-protected interest.

Officer Suarez relies on *Vincent v. City of Sulphur*, 805 F.3d 543 (5th Cir. 2015), to argue that Fifth Circuit law is unclear as to whether notice and a hearing is required before an individual is issued a no-trespass order. The officer in *Vincent* banned the plaintiff, without notice and a hearing, from entering city-owned property after the plaintiff threatened city officials. *Id*. at 544-45. The Fifth Circuit found that the general right to remain on public grounds did not "near the level of specificity to put 'beyond debate' the related but distinct proposition that a person under investigation for threatening deadly violence against city officials has a right to notice and a hearing before being banned from entering city buildings." *Id*. at 548. In other words, the law is not clearly established that a person can threaten city officials and still be entitled to notice and a hearing.

Officer Suarez's reliance on *Vincent* fails because there are fact issues as to whether Roberts did anything to negate her procedural due process rights or that, if she did, Officer Suarez was aware of it when he issued the Warning. Both *Vincent* and *Kennedy* show that a person's actions prior to being banned from exercising a due process interest are determinative of whether a right to a notice and hearing is clearly

established. Officer Suarez has not alleged that Roberts was a threat to the school. In fact, Officer Suarez stated that he was given no reasons for issuing the Warning. But Roberts alleges that she had previously spoken to Officer Suarez about her daughter's issues at SISD and that he should have known she was an SISD parent when he issued the Warning. D.E. 20-1, p. 1.

Because there are fact issues as to what Officer Suarez knew about Roberts before issuing the Warning, Officer Suarez is not entitled to qualified immunity on Roberts's procedural due process claims. Thus, his motion for summary judgment is DENIED in part.

### CONCLUSION

Officer Suarez's amended motion for summary judgment (D.E. 17) is GRANTED IN PART as to Roberts's claim of arbitrary government action and DENIED IN PART with respect to Roberts's claims regarding her substantive due process right to direct her daughter's education, unconstitutional vagueness, and procedural due process. Roberts's claim against Officer Suarez for arbitrary government action is DISMISSED.

ORDERED this 3rd day of January, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE